**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SIMON CHEFFINS and GREGORY JONES, ) | 3:09-cv-00130-RAM |
| Plaintiffs, ) | |
| ) | **ORDER** |
| vs. ) | |
| MICHAEL B. STEWART, ) | |
| Defendant. ) | |

Plaintiffs Simon Cheffins ("Cheffins") and Gregory Jones ("Jones") (collectively "Plaintiffs") have brought this action against Defendant Michael Stewart ("Defendant") alleging conversion and violation of their rights under the Visual Artists Rights Act, 17 U.S.C. § 106A ("VARA"). (Doc. #1). The complaint stems from Defendant's destruction of La Contessa, an artwork described by Plaintiffs as a "mobile, interactive replica of a 16th Century Spanish galleon," on or about December 5, 2006 (*Id.* at 3). At the time of its destruction, La Contessa was being stored on Defendant's property. Defendant has asserted counterclaims for nuisance, trespass, and rents owed. (Doc. #6).

On September 15, 2010, the parties filed cross-motions for summary judgment on Plaintiffs' claims. On January 20, 2011, the court granted Defendant's motion as to the VARA claim, denied his motion as to the conversion claim, and denied Plaintiffs' motions as to both claims. On February 17, 2011, Plaintiffs filed a motion asking the court to reconsider its decision

on the VARA claim.[1] (#82). In the alternative, Plaintiffs ask the court to enter final judgment on the VARA claim so that it may be immediately appealed. Defendant has opposed the motion (#83), and Plaintiffs have replied (#84).

**I.     Motion to Reconsider**

Absent highly unusual circumstances, the court should grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

"[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Sw. Circle Group, Inv. v. Perini Bldg. Co.*, 2010 WL 4606999, at *1 (D. Nev. Nov. 5, 2010) (internal citations and punctuation omitted). Accordingly, a motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). At the same time, a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890 (italics original).

Plaintiffs do not assert that reconsideration is appropriate based on an intervening change in the law or on newly discovered evidence. Rather, they argue that the court's initial decision was manifestly unjust. Few of Plaintiffs' arguments are new and almost all could reasonably have been raised at the time the court decided the motions for summary judgment.

---

[1] While Plaintiffs bring their motion pursuant to Federal Rule of Civil Procedure 59(e), that rule applies only to judgments. *See United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). The court's order did not adjudicate all claims in this action, and therefore no judgment has been entered. Accordingly, the motion should have been brought under Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See Hansen v. Schubert*, 459 F. Supp. 2d 973, 997 n.2 (E.D. Cal. 2006); *Nike, Inc. v. Dixon*, 2004 WL 1375281, at *1 (D. Or. 2004) (unpublished disposition).

The same is true of Plaintiffs' evidence. Nonetheless, the court will address Plaintiffs' primary assertions.

Plaintiffs argue that the court usurped the jury's function by deciding as a matter of law that La Contessa was applied art. Plaintiffs cite to no authority holding that such a determination is factual as opposed to legal, and the court can find none. In fact, whether something is a "work of visual art" has often been decided as a matter of law where the relevant facts are not in dispute. *See Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Scharle*, 184 Fed. App'x 270, 276 (3d Cir. 2006) (holding that "the court could have concluded *as a matter of law* that [the works in question were] technical drawings, diagrams, or models . . . and [we]re therefore excluded from the definition of 'works of visual art'") (emphasis added); *Pollara v. Seymour*, 344 F.3d 265, 270-71 (2d Cir. 2003) (holding as a matter of law that piece in question was not a work of visual art). The relevant facts in this case are not in dispute, and to the extent any are, the court viewed those facts in a light most favorable to Plaintiffs. The court properly decided as a matter of law that, even with all reasonable inferences drawn in Plaintiffs' favor, La Contessa was still applied art. The decision was not therefore in error or manifestly unjust.

Plaintiffs next assert several reasons why they believe La Contessa is not applied art. First, they continue to argue that applied art is that which is created for a commercial purpose. Because La Contessa was not created for a commercial purpose, they argue, it was not applied art. For this proposition Plaintiffs cite *Pollara v. Seymour*, 344 F.3d 265, which held that a banner produced for commercial purposes is not protected. Plaintiffs' reliance on this case is unavailing. That commercial products are not protected in no way compels a conclusion that noncommercial products always are. This argument is therefore without merit.

Second, Plaintiffs present a number of web sites, historical and otherwise, to demonstrate why La Contessa is not applied art. These web sites were not previously presented to the court, and they clearly could have been. Even if the court were to consider this evidence, however, the result would not change. Nearly everything Plaintiffs attach discusses "decorative arts." While Plaintiffs attempt to equate "decorative arts" with "applied art," nothing in the

3

1 materials cited supports such a conclusion. Rather, the materials acknowledge that while
2 applied art includes decorative arts, it also includes other types of art. (Doc. #84 Ex. A).
3 Ultimately, whether something is applied art depends on the definition.[2] As noted in this
4 court's previous order, applied art has been defined as "two- and three-dimensional
5 ornamentation or decoration that is affixed to otherwise utilitarian objects." *Carter v.
6 Helmsley-Spear, Inc.*, 71 F.3d 77, 84-85 (2d Cir. 1995) (quoting *Carter v. Helmsley-Spear*, 861
7 F. Supp. 303, 315 (S.D.N.Y. 1994)). It also includes "works that are intended to be or have been
8 embodied in useful articles," which are defined as those that have "an intrinsic utilitarian
9 function that is not merely to portray the appearance of the article or to convey information."
10 H.R. Rep. 94-1476, 94th Cong. 2 Sess. (1976), *reprinted in* U.S. Code Cong. & Admin. News
11 (1976); 17 U.S.C. § 101.  A work can fall within this definition of applied art and not be
12 "decorative art." Plaintiffs' argument that applied art is the same as decorative art and
13 decorative art does not include pieces such as La Contessa is therefore without merit.

14 Third, Plaintiffs argue that the court's conclusion that La Contessa was applied art was
15 logically flawed. La Contessa consisted of the facade of a Spanish galleon wrapped around a
16 school bus. (Doc. #63 (Cheffins Dep. 14:25-15:7)).  Applied art includes "two- and three-
17 dimensional ornamentation or decoration . . . affixed to [an] otherwise utilitarian object[]."
18 *Carter*, 71 F.3d at 84-85. Plaintiffs argue that because the school bus was no longer being used
19 as a school bus, it was not a utilitarian object. The court disagrees.  The utility of a school bus
20 is not only the transport of school children specifically but also the movement and transport
21 of people and property generally. The bus was not stripped of its utilitarian function merely
22 because it was no longer used to transport school children. The court therefore properly found
23 that La Contessa was applied art.

24 Plaintiffs further argue that because the original intent of the school bus was never for
25 it to be a mobile stage, the use of La Contessa as such does not make it applied art. Whether the
26 school bus was ever intended to be a mobile stage is irrelevant. What matters is whether La

27
28 [2] The court notes that despite Plaintiffs' claims, it did not and does not rely on the Wikipedia definition of "applied art."

4

Contessa *itself* was embodied in or intended to be a useful article – that is, whether it had "an intrinsic utilitarian function that [wa]s not merely to portray the appearance of the article or to convey information." La Contessa was intended to be a venue for performances. (Doc. #63 (Cheffins Dep. 14:15-16)). No evidence supports the conclusion that it was made "merely to portray the appearance" of a Spanish galleon or "to convey information."[3] The court therefore reaffirms its determination that La Contessa was applied art because it was used and intended to be used as a mobile stage for performances.

Finally, Plaintiffs argue that the court's decision contravenes Congress' intent in passing VARA. First, because the purpose of VARA is to protect artists' moral rights, they argue, the court should broadly construe what type of art is covered. However, as described by the Second Circuit in *Pollara*, 344 F.3d at 269,

> VARA protects only things defined as "work[s] of visual art" . . . a definition that is "a critical underpinning of the limited scope of the [Act]." H.R.Rep. No. 101-514, at 1990 U.S.C.C.A.N. 6915, 6920-21; *see also id.* at 6919 (stating that the congressional debate "revealed a consensus that the bill's scope should be limited to certain carefully defined types of works and artists, and that if claims arising in other contexts are to be considered, they must be considered separately"); *id.* at 6921 (quoting Representative Edward Markey, cosponsor of the bill that became VARA, as stating that the "legislation covers only a very select group of artists").

A broad construction of "work of visual art" – and consequently a narrow construction of "applied art" – would be at odds with Congress' intent to limit the application of VARA.

Second, Plaintiffs argue that the court erred in finding La Contessa outside of VARA's scope because VARA's definition of "sculpture" is broad. However, the court did apply a broad definition of sculpture and found that La Contessa qualified as such. A broad construction of "sculpture" does not equate with a limited construction of "applied art."

Third and finally, Plaintiffs argue that the court's determination that La Contessa was applied art was in error because "[i]nterpreting applied art to include such works would render meaningless VARA's protection for works of visual art installed in buildings. A court should not

---

[3] Plaintiffs attach an affidavit from Joanne Northrup as Exhibit A to their motion for reconsideration. The court did not have this affidavit when it rendered its decision on the motions for summary judgment and Plaintiffs offer no reason why they could not have provided it at that time. Accordingly, the affidavit will not be considered by the court for the purposes of this motion.

5

read one part of a statute so as to deprive another part of meaning." (*See* Doc. # 82 at 10 (quoting *Carter v. Helmsley-Spear, Inc.*, 71 F.3d 77, 85 (2d Cir. 1995)). This quote is inapposite. In *Carter*, the defendant argued that a large walk-through sculpture in the lobby of a building was "applied art" because the components of the sculpture were attached to utilitarian objects, such as the floors, walls, and ceiling. The court rejected this argument, in part because VARA specifically protects works of visual art installed in buildings. 17 U.S.C. § 113(d). The court held that defining art "applied art" to include art attached to buildings would render the protections of § 113(d) meaningless. La Contessa was not a building. Plaintiffs have pointed to no other statutory provision that would be rendered meaningless by a conclusion that La Contessa is applied art. Accordingly, the court's decision does not violate the purpose of VARA and therefore was not manifestly unjust.

Plaintiffs' motion is primarily a repackaging of old arguments. Those arguments that are new could have reasonably been raised earlier in the litigation or are otherwise without merit. No basis therefore exists for the court's reconsideration of its order granting Defendant summary judgment on the VARA claim, and Plaintiffs' motion for reconsideration is accordingly **DENIED**.

## II.   Motion for Rule 54(b) Order

Plaintiffs ask this court to enter final judgment on their VARA claim pursuant to Federal Rule of Civil Procedure 54(b) so that it may be immediately appealed.[4] Under Rule 54(b), "[w]hen an action presents more than one claim for relief . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Entry of judgment in this manner is within the court's discretion. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Plaintiffs argue that the VARA claim should be allowed to proceed immediately on appeal because it is legally and factually distinct from the remaining claim. However, the court

---

[4] While Plaintiffs also cite to 28 U.S.C. § 1292(b), which provides another vehicle for interlocutory appeal, they appear to do so only as a means of contrasting that statute with Rule 54(b). They do not ask for a § 1292(b) certification. However, to the extent they do seek such certification, the motion is denied.

finds there is substantial factual and legal overlap between the claims such that it would be a waste of judicial resources to allow an immediate appeal of the VARA claim. The motion is therefore **DENIED**.

### III. Conclusion

In accordance with the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration or, in the alternative, for entry of judgment on the VARA claim (#82) is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 29, 2011.

_____
UNITED STATES MAGISTRATE JUDGE