1

2               UNITED STATES DISTRICT COURT

3                   DISTRICT OF NEVADA

4                       \* \* \* \* \*

5 SIMON CHEFFINS and GREGORY JONES,

6              Plaintiffs,        **Case No.:**    **3:09-CV-00130-RAM**

7 vs.

8 MICHAEL B. STEWART and DOES
I-V, Inclusive,

9              Defendant(s).           /

10 MICHAEL B. STEWART

11              Counter-Plaintiff,

12 vs.

13  SIMON CHEFFINS and GREGORY JONES,

14              Counter-Defendants.

15                   /

              **PRELIMINARY JURY INSTRUCTIONS**

16

17 DATED: _____

18

19                  UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

Preliminary Instruction No. 1

Duty of Jury

Ladies and Gentlemen:

Now that you have been sworn, I will briefly tell you something about your duties as jurors and give you some instructions. At the end of the trial I will give you more detailed instructions, and those instructions will control your deliberations.

The parties who bring a lawsuit are called plaintiffs. In this action the plaintiffs are Simon Cheffins and Gregory Jones. The party against whom the suit is brought is called defendant is Michael B. Stewart.

It will be your duty to decide from evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.

You must not take anything I may say or do during the trial as indicating what your verdict should be.

Ninth Circuit Instruction §1.10 (Instruction modified)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Preliminary Instruction No. 2

Evidence

You will decide what the facts are from the evidence which will be presented here in court.  That evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits and any facts on which the lawyers agree or which I may instruct you to accept.

Ninth Circuit Instruction §3.03 (Instruction modified)

Preliminary Instruction No. 3

What is Not Evidence

The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1.    Statements and arguments of the attorneys.

2.    Questions and objections of the attorneys.

3.    Testimony that I instruct you to disregard.

4.    Anything that you may have seen or heard when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Instruction §1.03

1    Preliminary Instruction No. 4

2    Rulings on Objections

3    There are rules of evidence which control what can be received into evidence.  When a

4    lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks

5    that is not permitted by the rules of evidence, that lawyer may object.

6    It is the duty of the attorney on each side of the case to object when the other side offers

7    testimony or other evidence which the attorney believes is not properly admissible.  You should

8    not show prejudice against an attorney or a party to the lawsuit because the attorney has made

9    objections.

10   If I overrule the objection, the questions may be answered or the exhibits received.  If I

11   sustain an objection, the question cannot be answered and the exhibit cannot be received.

12   Whenever I sustain an objection to a question, ignore the question and do not guess what the

13   answer would have been.

14   Sometimes I may order that evidence be stricken from the record and that you disregard

15   or ignore the evidence.  That means that when you are deciding the case, you must no consider

16   the evidence which I told you to disregard.

17

18

19

20

21

22

23

24

25

26

27

28   Ninth Circuit Instruction §1.06 (Instruction modified)

1        Preliminary Instruction No. 5

2        Evidence for Limited Purpose

3        Some evidence is admitted for a limited purpose only.  When I instruct you that an item

4   of evidence has been admitted for a limited purpose, you must consider it only for that limited

5   purpose and for no other.

28   Ninth Circuit Instruction §1.04

1   Preliminary Instruction No. 6

2   Credibility of Witnesses

3   In deciding the facts in this case, you may have to decide which testimony to believe and

4   which testimony not to believe.  You may believe everything a witness says, or part of it, or none

5   of it.

6   In considering the testimony of any witness, you may take into account:

7   1.   the opportunity and ability of the witness to see or hear or know the things

8       testified to;

9   2.   the witness' memory;

10  3.   the witness' manner while testifying;

11  4.   the witness' interest in the outcome of the case and any bias or prejudice;

12  5.   whether other evidence contradicted the witness' testimony;

13  6.   the reasonableness of the witness' testimony in light of all the evidence; and

14  7.   any other factors that bear on believability.

15  The weight of the evidence as to a fact does not necessarily depend on the number of

16  witnesses who testify.

28  Ninth Circuit Instruction §1.07

1

Preliminary Instruction No. 7

2

Burden of Proof

3      This is a civil case.  The plaintiffs have the burden of proving the case by what is called

4  the preponderance of the evidence.  That means that plaintiffs have to produce evidence which,

5  considered in the light of all claims is more likely true than not.  To put it differently, if you were

6  to put plaintiffs' and defendant's evidence on opposite sides of the scales, plaintiffs would have

7  to make the scales tip slight on that side.  If plaintiffs fail to meet this burden, the verdict must be

8  for defendant.  Those of you who have sat on criminal cases will have heard of proof beyond a

9  reasonable doubt.  That requirement does not apply to a civil case and you should therefore put it

10  out of your mind.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Ninth Circuit Instruction §1.12 (Instruction modified)

1                        Preliminary Instruction No. 8

2                        Brief Description of the Case

3        I will give you detailed instructions on the law at the end of the case, and those

4    instructions will control your deliberations and decision. But in order to help you follow the

5    evidence, I will now give you a brief summary of the case.

6        The plaintiffs claim that the defendant, Michael B. Stewart wrongfully "converted" or

7    took and destroyed their property by burning it at Mr. Stewart's ranch in Gerlach, Nevada. The

8    plaintiffs' property in question was an artistic rendering of a Spanish galleon, by putting a facade

9    of the ship on a school bus. The art car was called "La Contessa". It was used at least at some

10    point at the Burning Man Festival in Gerlach, Nevada, where the art car was driven during the

11    festival on the playa. The plaintiffs claim that the car was lawfully stored on Mr. Stewart's

12    property, by permission given by one of Mr. Stewart's tenants on the property, and that his

13    burning of La Contessa violated their rights of possession in that property.

14        Mr. Stewart denies that the burning of La Contessa by him was wrongful and claims that

15    it was done in the process of cleaning up his property in the Gerlach area, and was one of many

16    items that were being disposed of at that time period by him. Mr. Stewart claims that the

17    plaintiffs abandoned the art car on his property and had no real intent to resurrect the art car. Mr.

18    Stewart claims as his own damages, and by way of a counterclaim, that the plaintiffs owe him

19    rent for the abandonment and his storage of the art car on the property up until the time of the

20    destruction of the property.

21        Plaintiffs deny that they owe any monies for rental.

22

23

24

25

26

27

28    Ninth Circuit Instruction §1.02 (Instruction modified)

Preliminary Instruction No. 9

Conduct of the Jury

I will now say a few words about your conduct as jurors.  You must follow these instructions carefully.

First, do no talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately.

Fourth, though it is normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse whether in or out of the courtroom, with any of the parties or their attorneys or any witness.  By this I mean not only do not converse about the case, but do not converse at all, even to pass the time of day.  In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

Fifth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Sixth, do not do any research or make any investigation about the case on your own.

Seventh, do not make up your mind about what the verdict should be until you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Eighth, if you need to communicate with me, simply give a signed note to the bailiff to give to me.

Ninth Circuit Instruction §1.08 (Instruction modified)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Preliminary Instruction No. 9A

The Use of Electronic Technology to Conduct Research on

or Communicate about a Case

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.  I hope that for all of you this case is interesting and noteworthy.  I know that many of you use cell phones, Blackberries, the internet and other tools of technology.  You also must no talk to anyone about this case or use these tools to communicate electronically with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any interest chat room, or by way of any other social networking websites, including Facebook, My Spare, LinkedIn, and You Tube.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Preliminary Instruction No. 10

No Transcript Available to Jury

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the court reporter to red back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Instruction §1.09

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Preliminary Instruction No. 11

Taking Notes

      If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses.  When you eave, your notes should be left in the jury room.

      Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

Ninth Circuit Instruction §1.10

Preliminary Instruction No. 11A

Juror Questions

During the course of this trial you may have some questions that you wish to have asked.

If you wish to ask a question, please write out your question and hand it to the bailiff during a recess. If a juror has a question for a witness and the witness is about to leave the witness stand, the juror should signal to the bailiff. The court will allow each attorney to examine the question.

Whether your question will be asked by one of the lawyers or by the Judge after you have submitted it depends upon many factors. The attorneys and the court have a broad overview of the case and may choose not to ask the question. The question may call for an answer which the court or attorneys feel is inadmissible because of the Constitution or laws of the United States or the State of Nevada. The question may call for an answer which may be unreliable or untrustworthy.

You may not draw any inference when a question is not asked nor may you guess or speculate as to why the question was not asked nor what the answer might have been.

1     Preliminary Instruction No. 12

2     Bench Conferences and Recesses

3        From time to time during the trial, it may become necessary for me to talk with the

4     attorneys out of the hearing of the jury, either by having a conference at the bench when the jury

5     is present in the courtroom, or by calling a recess.  Please understand that while you are waiting,

6     we are working.  The purpose of these conferences is not to keep relevant information from you,

7     but to decide how certain evidence is to be treated under the rules of evidence and to avoid

8     confusion and error.

9        We will, of course, do what we can to keep the number and length of these conferences to

10    a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my

11    granting or denying a request for a conference as any indication of my opinion of the case or of

12    what your verdict should be.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Ninth Circuit Instruction §2.02

Preliminary Instruction No. 13

If you are unable to hear a witness or a lawyer please raise your hand and the court will see that the situation is corrected. Also, if you need a stretch break or to use the washroom please notify me or the clerk that you have that need, and we will take a break.

Preliminary Instruction No. 14

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness, in order to bring out the facts not the fully covered in the testimony.  Please do not assume that I hold any opinion on the maters to which my questions may have related.  Remember that you, as jurors, are at liberty to disregard all comments of the court in arriving at your own findings as to the facts.

Devitt & Blackmar §70.13

1                              Preliminary Instruction No. 15

2               Our schedule over the next few days will be as follows:

3               We will begin at 8:30 a.m. and go to noon.  There will be a fifteen minute break at 10:30

4      a.m.  We will begin after lunch at 1:15 p.m. and to until 5:15 p.m. or so but not later than 5:30

5      p.m.  There will be two fifteen minute breaks in the afternoon at 2:30 p.m. and 4:00 p.m.

6               Please be prompt in your seats ready to begin after each break.

Preliminary Instruction No. 16

Outline of Trial

The trial will begin now.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.  A party is not required to make an opening statement.

Next, plaintiff will present witnesses and defendant may cross-examine them.  Then defendant will present witnesses and plaintiff may cross-examine.

After that, the attorneys will make their losing arguments to summarize and interpret that evidence for you and I will give you instructions on the law.

You will then retire to deliberate on your verdict.

Ninth Circuit Instruction §1.11 (Instruction modified)

1                                              Preliminary Instruction No. 17

2                                      Cautionary Instruction - First Recess

3         We are about to take our first break during the trial, and I want to remind you of the

4  instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone,

5  including your fellow jurors, members of your family, people involved in the trial, or anyone

6  else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you

7  and tries to talk to you about the case, please let me know about it immediately.  Do not read or

8  listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the

9  evidence has been received and you have heard the arguments of counsel, the instructions of the

10  court, and the views of your fellow jurors.

11         If you need to speak with me about anything, simply give a signed note to the bailiff

12  to give to me.

13         I will not repeat these admonitions each time we recess or adjourn, but you will be

14  reminded of them on such occasions.

28  Ninth Circuit Instruction §2.01

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

SIMON CHEFFINS and GREGORY JONES,

                  Plaintiffs,            **Case No.:**    **3:09-CV-00130-RAM**

vs.

MICHAEL B. STEWART and DOES
I-V, Inclusive,

                  Defendant(s).

_____/

MICHAEL B. STEWART

                  Counter-Plaintiff,

vs.

SIMON CHEFFINS and GREGORY JONES,

                  Counter-Defendants.

_____/

**JURY INSTRUCTIONS**

DATED: _____

                        _____
                        UNITED STATES MAGISTRATE JUDGE

1    Plaintiffs' claim in this case that Defendant wrongfully destroyed or "converted" their

2    property.

3    Conversion is a distinct act of dominion wrongfully exerted over another's personal

4    property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or

5    defiance of such title or rights.

6    The rule of damages in a conversion case like this, where the Plaintiffs have alleged a

7    total loss of ownership's right in their property, is that they should recover the fair market value

8    of the property at the time and place it was converted, together with interest from the date it was

9    converted to the date of the verdict.  The fair market value of the property is the price that a

10   willing buyer would pay a willing seller for the property after fair negotiations, where neither was

11   under any undue compulsion to make a deal.  If you find a conversion, you must determine, on

12   the basis of the evidence presented, what the fair market value of the converted property was.

13   The burden is on the Plaintiffs to prove the fair market value and you must do your best to

14   determine its value on the basis of the evidence presented.

15

16

17

18

19

20

21

22

23

24

25

26

27   *Evans v. Dean Witter Reynolds, Inc,.*
     116 Nev. 598, 606 (Nev. 2000).  As
     modified by *State of Connecticut Civil*

28   *Jury Instruction 3.13-4*                                     INSTRUCTION NO. _____

1    To establish a conversion, a plaintiff must prove at the time of the conversion he was the

2    owner of the property.

*Wantz v. Redfield*, 74 Nev. 196, at
198-199 (1958).                                                    INSTRUCTION NO. _____

1          The full value of the property at the time of conversion is the appropriate measure of

2    damages for conversion when the converter keeps possession of the property.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    *Pelletier v. Pelletier*, 103 Nev.
408, 742 P.2d 1027 (1987);
*Bader v. Cerri*, 96 Nev. 352,

28    609 P.2d 314 (1980).                                    INSTRUCTION NO. _____

1    Defendant claims that he is not liable for the destruction of the Plaintiffs' property since

2    they abandoned the property.

3    Abandonment of property is primarily a question of intent, and intent may be inferred

4    from words spoken, acts done, and other objective facts; all relevant facts existing at the time of

5    the alleged abandonment should be considered.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    <u>Keilholtz v. State</u>, 261 Ga.App. 1, 581 S.E.2d 660 (2003).          INSTRUCTION NO. _____

Nevada Revised Statute 487.281 reads in pertinent part as follows:

"1. . . .

2. A person shall not abandon a vehicle upon public or private property without the express or implied consent of the owner or person in lawful possession or control of the property."

INSTRUCTION NO. _____

1

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2

When a party has the burden of proof on any claim or affirmative defense by a

3

preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

4

affirmative defense is more probably true than not true.

5

You should base your decision on all of the evidence, regardless of which party presented

6

it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Ninth Circuit Jury Instruction §1.3

28

This instruction does not apply to cases
based on state law.

INSTRUCTION NO. _____

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Ninth Circuit Jury Instruction §1.4

*See Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (defining clear and convincing evidence). *See also Murphy v. I.N.S.*, 54 F.3d 605, 610 (9th Cir.1995) (the burden of proving a matter by clear and convincing evidence is "a heavier burden than the preponderance of the evidence standard").

In cases in which the preponderance of the evidence standard is not defined, it may be necessary to modify this instruction.

In certain civil cases, the higher standard of proof by "clear and convincing evidence" applies. *See, e.g.*, Chapter 15 ("Trademark") Instruction 15.20 (Defenses—Abandonment— Affirmative Defense—Defendant's Burden of Proof), Instruction 15.22 (Defenses—"Classic" Fair Use), and Instruction 15.23 (Defenses—Nominative Fair Use).

This instruction may not apply to cases based on state law.

INSTRUCTION NO. _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

Ninth Circuit Jury Instruction §1.5                                    INSTRUCTION NO. _____

1

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

2        Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

3   testimony by a witness about what that witness personally saw or heard or did. Circumstantial

4   evidence is proof of one or more facts from which you could find another fact. You should

5   consider both kinds of evidence. The law makes no distinction between the weight to be given to

6   either direct or circumstantial evidence. It is for you to decide how much weight to give to any

7   evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20   Ninth Circuit Jury Instruction §1.9

21   It may be helpful to include an illustrative
22   example in the instruction:

23   By way of example, if you wake up in the
     morning and see that the sidewalk is wet,
24   you may find from that fact that it rained
     during the night. However, other evidence,
25   such as a turned on garden hose, may
     provide a different explanation for the
26   presence of water on the sidewalk.
     Therefore, before you decide that a fact
27   has been proved by circumstantial evidence,
     you must consider all the evidence in the
28   light of reason, experience, and common sense.        INSTRUCTION NO. _____

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Ninth Circuit Jury Instruction §1.11                    INSTRUCTION NO. _____

1

**STIPULATIONS OF FACT**

2

The parties have agreed to certain facts. You should therefore treat these facts as having

3

been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Ninth Circuit Jury Instruction §2.2

25

When parties enter into stipulations as to
material facts, those facts will be deemed
to have been conclusively proved, and the

26

jury may be so instructed. *United States v.
Mikaelian*, 168 F.3d 380, 389 (9th Cir.1999)

27

(citing *United States v. Houston*, 547 F.2d
104, 107 (9th Cir.1976)), *amended by* 180

28

F.3d 1091 (9th Cir.1999).

INSTRUCTION NO. _____

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Gloria Joan Grant was taken on June 2, 2010.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Ninth Circuit Jury Instruction §2.4

This instruction should be used only when testimony by deposition is used in lieu of live testimony. The committee recommends that it be given immediately before a deposition is to be read. It need not be repeated if more than one deposition is read. If the judge prefers to include the instruction as a part of his or her instructions before evidence, it should be modified appropriately.

INSTRUCTION NO. _____

1

**USE OF INTERROGATORIES OF A PARTY**

2      Evidence was presented to you in the form of answers of one of the parties to written

3  interrogatories submitted by the other side.  These answers were given in writing and under oath,

4  before the actual trial, in response to questions that were submitted in writing under established

5  court procedures.  You should consider the answers, insofar as possible, in the same way as if

6  they were made from the witness stand.

7

8

9

10

11

12

13

14

15

16

17

18

19  Ninth Circuit Jury Instruction §2.10

20
    Use this oral instruction before interrogatories
21  and answers are read to the jury; it may also
    be included in the concluding written
22  instructions to the jury.  The attorney should
    warn the judge ahead of time and give the
23  judge an opportunity to give this oral instruction.
    This oral instruction is not appropriate if
24  answers to interrogatories are being used
    for impeachment only.
25
    Do not use this instruction for requests
26  for admission under Fed. R. Civ. P. 36.  The
    effect of requests for admission under the rule
27  is not the same as the introduction of evidence
    through interrogatories.  If an instruction is
28  needed, a special one will have to be drafted.                    INSTRUCTION NO. _____

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Jury Instruction §2.11

*See* Fed. R. Evid. 602, 701–05.                                    INSTRUCTION NO. _____

1

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

2          Certain charts and summaries not received in evidence have been shown to you in order

3   to help explain the contents of books, records, documents, or other evidence in the case.  They

4   are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or

5   figures shown by the evidence in the case, you should disregard these charts and summaries and

6   determine the facts from the underlying evidence.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Ninth Circuit Jury Instruction §2.12

25   This instruction applies only where the
     charts and summaries are not received
26   into evidence and are used for
     demonstrative purposes.  *See* JURY
27   INSTRUCTIONS COMMITTEE OF THE
     NINTH CIRCUIT, A MANUAL ON JURY
28   TRIAL PROCEDURES, § 3.10A (2004).                    INSTRUCTION NO. _____

1

**CHARTS AND SUMMARIES IN EVIDENCE**

2    Certain charts and summaries have been received into evidence to illustrate information

3  brought out in the trial.  Charts and summaries are only as good as the underlying evidence that

4  supports them.  You should, therefore, give them only such weight as you think the underlying

5  evidence deserves.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

Ninth Circuit Jury Instruction §2.13

22

*See United States v. Johnson*, 594

23  F.2d 1253, 1254-55 (9th Cir.1979)
    (error to permit the introduction of

24  a summary of evidence without the
    establishment of a foundation for the

25  evidence).  *See also* Fed. R. Evid. 1006.
    *See also* JURY INSTRUCTIONS COMMITTEE

26  OF THE NINTH CIRCUIT, A MANUAL ON
    JURY TRIAL PROCEDURES, § 3.10A(1)

27  (2004).  This instruction may be
    unnecessary if there is no dispute as to

28  the accuracy of the chart or summary.                        INSTRUCTION NO. _____

1

## DUTY TO DELIBERATE

2   When you begin your deliberations, you should elect one member of the jury as your

3   presiding juror.  That person will preside over the deliberations and speak for you here in court.

4   You will then discuss the case with your fellow jurors to reach agreement if you can do

5   so.  Your verdict must be unanimous.

6   Each of you must decide the case for yourself, but you should do so only after you have

7   considered all of the evidence, discussed it fully with the other jurors, and listened to the views of

8   your fellow jurors.

9   Do not hesitate to change your opinion if the discussion persuades you that you should.

10   Do not come to a decision simply because other jurors think it is right.

11   It is important that you attempt to reach a unanimous verdict but, of course, only if each

12   of you can do so after having made your own conscientious decision.  Do not change an honest

13   belief about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Ninth Circuit Jury Instruction §3.1                    INSTRUCTION NO. _____

1

**RETURN OF VERDICT**

2       Different verdict forms have been prepared for you. One finds for the Plaintiffs and one

3 for the Defendant. A third finds for neither party. After you have reached unanimous agreement

4 on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it,

5 and advise the court that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 Ninth Circuit Jury Instruction §3.3

26 The judge may also wish to explain to
the jury the particular form of verdict
27 being used and just how to "advise
the court" of a verdict.

28

                                          INSTRUCTION NO. _____