# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| SIMON CHEFFINS and<br>GREGORY JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **No.  3:09-CV-0130-RAM** |
| | ) | |
| MICHAEL B. STEWART, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## JURY INSTRUCTIONS

**DATED: _____**


_____

**UNITED STATES MAGISTRATE JUDGE**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions *to* help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I *give* it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**NINTH CIRCUIT MODEL JURY INSTRUCTIONS 1.1A  DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**

Instruction No. _____

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

 You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Comment**

Instruction 1.1B may be used as an oral instruction if the court elects to read its preliminary instructions to the jury but not to provide the jury with a copy of the instructions.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.1B  DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)**

Instruction No. _____

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorney, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Comment**

Instruction 1.1C should be used with the written final set of the instructions to be sent to the jury.  Bracketed material should be selected to cover whether single or multiple sets of written instructions are provided.

**NINTH CIRCUIT MODEL JURY INSTRUCTIONS 1.1C  DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Instruction No. _____

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claim that defendant, Michael Stewart, destroyed and thereby converted *La Contessa* and that her destruction caused them damages.  They further contend that the destruction was done in reckless disregard of their interest and that as a result they should be awarded a sum of punitive damages to deter future misconduct.   The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [*defendant's counterclaims and/or affirmative defenses*]].  [The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses*.]]

[The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].]

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.2  CLAIMS AND DEFENSES**

Instruction No. _____

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Comment**

This instruction may not apply to cases based on state law.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.3  BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE**

Instruction No. _____

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.6  WHAT IS EVIDENCE**

Instruction No. _____

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Comment**

With regard to the bracketed material in paragraph 3, select the appropriate bracket depending on whether the instruction is given at the beginning or at the end of the case.  *See also* Instruction 1.6 (What Is Evidence).

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.7  WHAT IS NOT EVIDENCE**

Instruction No. _____

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

**Comment**

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court.  *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied*, 435 U.S. 969 (1978).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.) (when the trial court fails to instruct the jury in its final instructions regarding the receipt of evidence for a limited purpose, the Ninth Circuit examines the trial court's preliminary instructions to determine if the court instructed the jury on this issue), *cert. denied*, 525 U.S. 973 (1998).

*See also* Instructions 1.7 (What is Not Evidence) and 2.8 (Impeachment Evidence—Witness).

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.8  EVIDENCE FOR LIMITED PURPOSE**

Instruction No. _____

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Comment**

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Instruction No. _____

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.10  RULING ON OBJECTIONS**

Instruction No. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.11  CREDIBILITY OF WITNESSES**

Instruction No. _____

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## Comment

This instruction has been updated specifically to instruct jurors against accessing electronic sources of information and communicating electronically about the case, as well as to inform jurors of the potential consequences if a juror violates this instruction. An abbreviated instruction should be repeated before the first recess, and as needed before other recesses.

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread.  *See, e.g., United States v. Pino-Noriega*, 189 F.3d 1089, 1096 (9th Cir. 1999).

State court practice in some jurisdictions does allow discussion.

If the court decides to allow discussion, the third sentence of the fourth paragraph of the instruction should be modified accordingly and the following language may be included:

You may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion.  You are to keep an open mind throughout the case until you have fully deliberated.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.12 CONDUCT OF THE JURY**

Instruction No. _____

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes.  *United States v. Baker*, 10 F.3d 1374, 1403 (9th Cir.1993), *cert. denied*, 513 U.S. 934 (1994).  *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.4 (2004).

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.14  TAKING NOTES**

Instruction No. _____

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.18  BENCH CONFERENCES AND RECESSES**

Instruction No. _____

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.19  OUTLINE OF TRIAL**

Instruction No. _____

This is a civil case commenced by:

Simon Cheffins and Gregory Jones, the plaintiffs, against Michael Stewart, the defendant. The case is based upon a complaint to which the defendant has filed a response, which we call an answer.

**Court:** Does counsel for the plaintiff or defendant desire to have the complaint and answer read? (If the pleadings are read:)
**Court:** Ladies and gentlemen, you should distinctly understand that the pleadings in this case are not in any sense evidence of the allegations that they contained. Each party has the burden of proving their respective claims or defenses by preponderance of the evidence. The purpose of the trial is to determine whether they will meet the burden.

NRS 16.090.

**NEVADA CIVIL JURY INSTRUCTION 1GI.3: PLEADINGS**

Instruction No. _____

The trial will proceed in the following order:

1.      First, the parties have the opportunity to make opening statements. The plaintiff makes the first opening statement. Then the defendant will be given an opportunity to make an opening statement. What is said by the attorneys in their opening statements is not evidence. The statements simply serve as an introduction or guide for you so you will know what to look for as the witnesses testify. Whether or not the attorneys present the evidence which they say they will in their opening statements will be for you to determine.

2.      After the opening statements, each side will be given the opportunity to present evidence. The plaintiff goes first. Evidence presented by the plaintiff in support of the plaintiff's complaint is called the plaintiff's "case in chief."

3.      After the plaintiff presents evidence, the defendant may present evidence but is not obligated to do so. This is the defendant's case in chief.

4.      If the defendant does present evidence, the plaintiff may then present rebuttal evidence.

5.      If the plaintiff presents rebuttal evidence the defendant may then present surrebuttal evidence.

6.      After the evidence is concluded, I will instruct you on the law that applies in this case. You must not be concerned with the wisdom of any rule of law states in my instructions. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your oath to base a verdict upon any other view of the law than that given to you by the court.

7. After the instructions on the law are read to you, each party will have the opportunity to present closing arguments. Just as what is said by the attorneys in their opening statements is not evidence, what is said in closing arguments is not evidence. However, unlike opening statements, during their closing arguments the attorneys are permitted to argue to you what they think the evidence has shown, what witnesses should be believed and what inferences they think you should draw from that evidence. The plaintiff has the right to both begin and end closing arguments.


NRS 16.090.


**NEVADA CIVIL JURY INSTRUCTION GENERAL INSTRUCTION 1GI.4: ORDER OF TRIAL**


Instruction No. _____

A witness, who is wilfully false in one material part of his or her testimony, is to be distrusted in others.  You may reject the whole testimony of a witness who wilfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

**NEVADA CIVIL JURY INSTRUCTION BAJI 2.22 WITNESS WILFULLY FALSE**

Instruction No. _____

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

**Comment**

There is a difference between stipulating that a witness would give certain testimony and stipulating that the facts to which a witness might testify are true.  *United States v. Lambert*, 604 F.2d 594, 595 (8th Cir.1979); *United States v. Hellman*, 560 F.2d 1235, 1236 (5th Cir.1977).

**NINTH CIRCUIT MODEL JURY INSTRUCTION 2.1  STIPULATED TESTIMONY**

Instruction No. _____

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you]. You should therefore treat these facts as having been proved.

**Comment**

When parties enter into stipulations as to material facts, those facts will be deemed to have been conclusively proved, and the jury may be so instructed. *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.1999) (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976)), *amended by* 180 F.3d 1091 (9th Cir.1999).

**NINTH CIRCUIT MODEL JURY INSTRUCTION 2.2  STIPULATIONS OF FACT**

Instruction No. _____

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.

**Comment**

An instruction regarding judicial notice should be given at the time notice is taken.  In civil cases, Fed. R. Evid. 201(g) permits the judge to determine that a fact is sufficiently undisputed to be judicially noticed and requires that the jury be instructed that it is required to accept that fact.  *But see United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir.1994) (in a criminal case, "the trial court must instruct 'the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.'") (citing Fed. R. Evid. 201(g)); NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTION 2.5 (2003) (Judicial Notice).

**NINTH CIRCUIT MODEL JURY INSTRUCTION 2.3  JUDICIAL NOTICE**

Instruction No. _____

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## Comment

This instruction should be used only when testimony by deposition is used in lieu of live testimony.  The committee recommends that it be given immediately before a deposition is to be read. It need not be repeated if more than one deposition is read. If the judge prefers to include the instruction as a part of his or her instructions before evidence, it should be modified appropriately.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY**

Instruction No. _____

The evidence that a witness [has been convicted of a crime, lied under oath on a prior occasion, etc. may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Comment**

If this instruction is given during the trial, the committee recommends giving the second sentence in numbered paragraph 3 of Instruction 1.7 (What Is Not Evidence) with the concluding instructions. *See also* Instruction 1.8 (Evidence for Limited Purpose).

**NINTH CIRCUIT MODEL JURY INSTRUCTION 2.8 IMPEACHMENT EVIDENCE—WITNESS**

Instruction No. _____

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Comment

*See* Fed. R. Evid. 602, 701–05.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 2.11  EXPERT OPINION**

Instruction No. _____

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## Comment

This instruction applies only where the charts and summaries are not received into evidence and are used for demonstrative purposes.  *See* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.10A (2004).

**NINTH CIRCUIT MODEL JURY INSTRUCTION 2.12 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Instruction No. _____

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## Comment

*See United States v. Johnson*, 594 F.2d 1253, 1254-55 (9th Cir.1979) (error to permit the introduction of a summary of evidence without the establishment of a foundation for the evidence). *See also* Fed. R. Evid. 1006. *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.10A(1) (2004).  This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 2.13  CHARTS AND SUMMARIES IN EVIDENCE**

Instruction No. _____

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the bailiff.  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me  immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

### Comment

This instruction is premised on the assumption that the parties have stipulated in writing to the availability of electronic display devices in the jury room and to the procedures set forth in the instruction.  The stipulation should be subject to approval by the judge and entered as an order.  It should contain the following provisions:

1.      The parties agree to an allocation of the costs of providing the necessary equipment, including the computer, hard drive, projector, cable, printer, monitor and other accessories.

2.      The parties jointly will arrange to load images of the admitted exhibits onto a hard drive in "PDF" format.  (This format is meant to assure maximum security.)  They shall assure that the hard drive contains only such items and nothing else.

3.      The parties jointly will compile a document entitled "Admitted Exhibit List" that consists of all trial exhibits actually received into evidence, listed in numerical order and containing the date (where available) and a brief description of the exhibit.   The Admitted Exhibit List should be text searchable.  (In complicated or document-laden cases, it would be advisable for the parties to prepare a second exhibit list that would contain the same information, except that the exhibits would be listed in chronological order. That second list would be made available to the jury in "hard copy," not electronic form.)

4.      Before the jury retires to deliberate, the parties will review the notebook computer, the exhibit list interface and the images of the exhibits, to assure their accuracy.  Unless a party objects before the jury retires to deliberate, that party will waive all objections to the materials and equipment submitted to the jury.

5.      The parties shall maintain at the courthouse a backup notebook computer and a backup hard drive with images and data identical to what was loaded onto the hard drive sent into the jury room.

6.      [During the "tutorial" that the technician provides in the jury room and on any later occasion that a technician enters the jury room to address a technical problem or matter, the judge will be present and the court reporter will record what is said.]

Paragraph 6 of the recommended stipulation is bracketed because if the jury encounters a technical problem after it has begun to deliberate, a variety of potentially difficult issues can arise. Inevitably, the technician will require and receive information from one or more jurors about the difficulty the jury is encountering.  In many instances, the court technician will need to re-enter the jury room in order to address the problem.  It is conceivable that the technician will be exposed to evidence that the jury was attempting to view or at least to the exhibit number(s) of such evidence. If the jurors themselves had developed charts, summaries, vote tallies or other indicia of their deliberations, or if they had written summaries of their findings thus far, the technician might be exposed to that information.  (E.g., such matters could have been placed on a blackboard or in summaries strewn about the jury table.)  If the judge and court reporter enter the jury room they, too, could be exposed to aspects of the jury's deliberations that are not supposed to be revealed.  The committee therefore suggests that in the event that a non-juror might be required to enter the jury room to deal with a technical problem, the judge should *sua sponte* raise these and related issues with counsel, before authorizing such entry.  Among the factors that the judge and counsel should discuss are the following.

(a)     Can the technical problem be addressed without entry into the room; e.g., by removing the equipment for examination outside the presence of jurors?

(b)     Can the technical problem be addressed without any information from the jury other than an innocuous statement to the effect that (for example) "the printer isn't working"?

(c)     Can the risk of even inadvertent disclosure of the jury's deliberations be eliminated by instructing the jury to cover any charts and to remove or conceal any papers, etc.?

(d)     Should the technician, bailiff or clerk be sworn in, with an oath that requires them not to disclose whatever they see or hear in the jury room, except for the nature of the technical problem and whether the problem has been fixed?

Whether or not these or other appropriate precautions to minimize or eliminate the risk of disclosure are taken, the judge may consider giving the jury this instruction:

> You have informed me that there is a technical problem that has interfered with your ability to review evidence electronically. I will send a technician into the jury room to deal with the problem. Please do not allow any materials reflecting any aspect of your deliberations to be visible during the technician's presence.

Finally, if Instruction 2.14 is given in a criminal case, the judge should not permit any tape-recorded conversation or evidence to be included in the electronic evidence loaded onto the hard drive that contains the PDF files, because under Fed. R. Crim. P. 43, the defendant has a right to be present at the replaying of a tape. *United States v. Felix-Rodriguez*, 22 F.3d 964, 966-67 (9th Cir.1994).

**NINTH CIRCUIT MODEL JURY INSTRUCTION 2.14  EVIDENCE IN ELECTRONIC FORMAT**

Instruction No. _____

As permitted by law, the parties served upon each other a written request for the admission of the truth of certain matters of fact. You will regard as being conclusively proved all such matters of fact which were expressly admitted by the parties or which the parties failed to deny.

**SOURCE/AUTHORITY**

NRCP 36; *see also*, *Woods v. Label Investment Corp.*, 107 Nev. 419, 812 P.2d 1293 (1991) ("Where demand is made upon a party for admission of facts and such party fails to respond to the request, matters contained herein are deemed admitted.") (citing *Dzack v. Marshall*, 80 Nev. 345, 393 P.2d 610 (1964)); *Lawrence v. Southwest Gas Corp.*, 89 Nev. 433, 514 P.2d 868 (1973); *Graham v. Carson-Tahoe Hosp.*, 91 Nev. 609, 540 P.2d 105 (1975) (failure to timely respond to the request for admissions will cause the matters therein to be deemed admitted even if the established matters are ultimately untrue); *Smith v. Emery*, 109 Nev. 737, 856 P.2d 1386 (1993) ("It is well settled that failure to respond to a request for admissions will result in those matters being deemed conclusively established.").

**NINTH CIRCUIT MODEL JURY INSTRUCTION EVIDENCE INSTRUCTION 2EV.10: REQUESTS FOR ADMISSIONS**

Instruction No. _____

You must decide all questions of fact in this case from the evidence received in this trial and not from any other source. You must not make any independent investigation of the facts or the law or consider or discuss facts as to which there is no evidence. This means, for example, that you must not on your own visit the scene, conduct experiments or consult reference works for additional information.


**SOURCE/AUTHORITY**

*Rowbottom v. State*, 105 Nev. 472, 779 P.2d 934 (1989) (juror misconduct, in which juror conducted independent investigation of crime, which was a prejudicial error which entitled defendant to new trial even though juror did not share her findings with other jurors until penalty phase of trial); *Meyer v. State*, 119 Nev. 554, 80 P.3d 447 (2003) (jurors are prohibited from conducting an independent investigation and informing other jurors of the results of that investigation).


**NINTH CIRCUIT MODEL JURY INSTRUCTION EVIDENCE INSTRUCTION 2EV.16: JURORS NOT TO CONDUCT INDEPENDENT INVESTIGATION**

Instruction No. _____

A Witness who has special knowledge, skill, experience, training, or education in a particular subject have testified to certain opinions. This type of witness is referred to as an expert witness. In determining what weight to give any opinions expressed by an expert witness, you should consider the qualifications and believability of the witness, the facts or materials upon which each opinion is based, and the reason for each opinion. An opinion is only as good as the facts and reasons on which it is based.

If you find that any such fact has not been proved, or has been disproved, you must consider that in determining the value of the opinions. Likewise, you must consider the strengths and weaknesses of the reason on which it is based. You must resolve any conflict in the testimony of the witnesses, weighing each of the opinions expressed against the others, taking into consideration the reasons given for the opinion, the facts relied upon by the witness, his or her relative credibility and his or her special knowledge, skill, experience, training and education.

**SOURCE/AUTHORITY**

*Prabhu v Levine*, 112 Nev. 1538, 1546, 930 P.2d 103, (1996); *see also*, *State v. Watts,* 52 Nev. 453, 290 P.732 (1930).

**USE NOTE**

This is an alternate general witness instruction that includes witness conflict instructions.

**NINTH CIRCUIT MODEL JURY INSTRUCTION EXPERTS INSTRUCTION 3EX.2: EXPERT WITNESS: GENERAL (ALTERNATE)**

Instruction No. _____

An expert witness has testified about his or her reliance upon books or statements that have not been admitted into evidence. Reference by the expert witness to this material is allowed so that the expert witness may tell you what [he] [she] relied upon to form his or her opinions. You may not consider the material as evidence in this case. Rather, you may only consider the material to determine what weight, if any, you will give to the expert's opinions.

**SOURCE/AUTHORITY**

NRS 50.285; NRS 50.305; *see also Prabhu v. Levine*, 112 Nev. 1538, 930 P.2d 103 (1996).

**USE NOTE**

See NRS 51.255 regarding learned treatises. The statute does allow learned treatises into evidence. Learned treatises are another way of proving deviation from the standard of care.

**NINTH CIRCUIT MODEL JURY INSTRUCTION EXPERTS INSTRUCTION 3EX.3: EXPERT WITNESS: RELIANCE UPON MATTERS NOT ADMITTED IN EVIDENCE**

Instruction No. _____

A hypothetical question has been asked of an expert witness. In a hypothetical question, the expert witness is told to assume the truth of certain facts, and the expert witness is asked to give an opinion based upon those assumed facts. You must decide if all of the facts assumed in the hypothetical question have been established by the evidence. You can determine the effect of that admission upon the value of the opinion.

**SOURCE/AUTHORITY**

*Wrenn v. State*, 89 Nev. 71, 506 P.2d 418 (1973) (rejecting expert opinion testimony because assumed facts were not established).

**NOTES**

An earlier Nevada pattern jury instruction was reprinted from BAJI, and provided that if a fact contained in the hypothetical question is not established, the jurors can determine the "effect of that omission upon the value of the opinion." NEVADA PATTERN JURY INSTRUCTIONS, CIVIL (Lexis-Nexis), Nev. J.I. 2.12.

This is somewhat inconsistent with *Wrenn. State*, *supra*, and perhaps inconsistent presentation of expert testimony. The old instruction seemed to assume that the expert witness only rendered one opinion and that opinion was based upon a hypothetical. In fact, expert witnesses may render numerous opinions during their testimony, one or more of which may be based upon a hypothetical question. This revised instruction now provides that the jurors should simply disregard the response to the hypothetical question, if the party has not proven all of the facts in the hypothetical question. Thus, the failure of the proof of the evidence does not impact the remaining opinions of the witness. Rather, the weighing of that evidence is covered in a separate expert instruction.

**NINTH CIRCUIT MODEL JURY INSTRUCTION EXPERTS INSTRUCTION 3EX.4: EXPERT WITNESS: HYPOTHETICAL QUESTION**

Instruction No. _____

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 3.1  DUTY TO DELIBERATE**

Instruction No. _____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 3.2 COMMUNICATION WITH COURT**

Instruction No. _____

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Comment**

The judge may also wish to explain to the jury the particular form of verdict being used and just how to "advise the court" of a verdict.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 3.3 RETURN OF VERDICT**

Instruction No. _____

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

## Comment

Use this instruction for giving a jury instruction to a jury while it is deliberating. If the jury has a copy of the instructions, send the additional instruction to the jury room. Unless the additional instruction is by consent of both parties, both sides must be given an opportunity to take exception or object to it. If this instruction is used, it should be made a part of the record. The judge and attorneys should make a full record of the proceedings.

*See* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 5.2.C (2004).

**NINTH CIRCUIT MODEL JURY INSTRUCTION 3.4 ADDITIONAL INSTRUCTIONS OF LAW**

Instruction No. _____

The preponderance, or weight of evidence, is not necessarily with the greater number of witnesses.

The testimony of one witness worthy of belief is sufficient for the proof of any fact and would justify a verdict in accordance with such testimony, even if a number of witnesses have testified to the contrary. If, from the whole case, considering the credibility of witnesses, and after weighing the various factors of evidence, you believe that there is a balance of probability pointing to the accuracy and honesty of the one witness, you should accept his or her testimony.

**SOURCE/AUTHORITY**

*Baker v. Morton*, 79 U.S. 150 (1870).

**NEVADA CIVIL JURY INSTRUCTION NEGLIGENCE INSTRUCTION 4NG.3: NUMBER OF WITNESSES**

Instruction No. _____

If you find by a preponderance of the evidence that [insert controverted basic facts], then you must also find that [insert presumed fact].

If you do not find by a preponderance of the evidence that [insert controverted basic facts], then you must find that [insert nonexistence of presumed fact].

**SOURCE/AUTHORITY**
*Clark v. State*, 95 Nev. 24, 588 P.2d 1027 (1979); NRS 47.230(2).

**NEVADA CIVIL JURY INSTRUCTION NEGLIGENCE INSTRUCTION 4NG.4: CONCLUSIVE PRESUMPTION; JURY QUESTION AS TO EXISTENCE OF BASIC FACTS**

Instruction No. _____

[Except as I have already instructed you upon the law relative to presumptions,] The plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to establish the following: [list items].

[Except as I have already instructed you upon the law relative to presumptions,] The defendant has the burden of proving by a preponderance of the evidence all of the facts necessary to establish the
following: [list items].

**SOURCE/AUTHORITY**

CA BAJI 2.60; *Radius v. Travelers Ins. Co.*, 87 F.2d 412 (9th Cir. 1937); *Clark v. State*, 95 Nev. 24, 588 P.2d 1027 (1979); NRS 47.180.

**NINTH CIRCUIT MODEL JURY INSTRUCTION NEGLIGENCE INSTRUCTION 4NG.7: RESPECTIVE BURDENS OF PLAINTIFF AND DEFENDANT; GENERAL**

Instruction No. _____

Plaintiffs, Simon Cheffins and Gregory Jones seek to recover damages based upon a claim of conversion.

The essential elements of this claim, which need to be proved by a preponderance of the evidence, are:

1.    Plaintiffs were the owner, with a right to possession of personal property, namely the art piece known as *La Contessa*.

2.    Defendant actually interfered with Plaintiffs' right to possession of their property;

3.    Defendant interference was knowing or intentional;

4.    The interference caused Plaintiffs injury, damage, loss or harm.

An interference with one person's control or right to control personal property may occur through the taking of the property from the plaintiff's possession, intentional destruction or alteration of personal property.

The word "knowing" means knowledge of the existence of the facts in question.  Knowledge of the unlawfulness or wrongfulness of any act or omission is not required.

The word "intentional" when applied to the intent with which an act is done or omitted, means with a purpose or willingness to commit the act or to make the omission in question.  The word does not require any intent to violate the law, or to injure another, or to acquire any advantage.

Mistake, good faith or due care are ordinarily immaterial, and are not defenses to a claim for conversion.

If you find that Plaintiffs are entitled to recover damages for conversion, you should award Plaintiffs:

1.    The value of the property at the time of the of the conversion, and,

2.    Special damages, including lost profits.


**BAJI 12.99 CONVERSION-ESSENTIAL ELEMENTS DAMAGES**

**Bader v. Cerri 96 Nev. 252, 257 609 P.2d 314, 317 (Nev. 1980) Restatement (second) of torts 226, 223(b).**


Instruction No. _____

In determining if Plaintiffs Simon Cheffins and Greg Jones had an ownership interest in *La Contessa*, you may consider that they claim ownership of the property as partners.  A partnership is an association of two (2) or more people to carry out an activity for profit or other specific purpose.

All property brought into a partnership is partnership property whether or not it is held in one of the individual partner's name.  Partners each have a right to possession of partnership property, and to recover monetary damages related to partnership property, whatever the origin.

**NRS 87.060; NRS 87.080; NRS 87.100; NRS 87.240; NRS 87.250**

Instruction No. _____

If you decide that Plaintiffs Simon Cheffins and Greg Jones have proved their claim against Defendant, Michael B. Stewart, you also must decide how much money will reasonably compensate Plaintiffs for the harm.  This compensation is called "damages".

Plaintiffs must prove by the preponderance of the evidence the amount of their damages. However, Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in a awarding damages.

The following are the specific items of damages claimed by Plaintiffs:

1.    The fair market value at the time Defendant Michael B. Stewart wrongfully and unlawfully converted and destroyed *La Contessa*; or
2.    Special damages including lost income.

In order to recover special damages, plaintiff must prove:

1.    That lost profits into the future;
2.    That it was reasonably foreseeable that special injury or harm would result from the conversion; and

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.    That there is no pressure on either one to buy or sell; and
2.    That the buyer and seller know all the uses and purposes for which the *La Contessa* is reasonably capable of being used.

**CACI 2102.  PRESUMED MEASURE OF DAMAGES FOR CONVERSION (CIV. CODE §3336)**

Instruction No. _____

"Fair market value" is the price at which a fully informed, willing owner would have voluntarily sold and a fully informed willing buyer would have voluntarily bought the property in question.

§ 129.02      "Fair Market Value - Defined
Federal Practice and Jury Instructions (5th Ed. 2000).

Instruction No. _____

To recover damages for lost profits Plaintiffs, Simon Cheffins and Greg Jones must prove by a preponderance of the evidence that it is reasonably certain they would have earned profits but for the destruction of *La Contessa*.

To decide the amount of damages for lost profits, you must determine the gross, or total, amount Plaintiffs would have received if *La Contessa* had not been destroyed and subtract from that amount the un-reimbursed costs incurred in realizing the gross profits.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

**CACI 352. LOSS OF PROFITS - NO PROFITS EARNED**

Instruction No. _____

Defendant Michael B. Stewart contends that Plaintiffs Simon Cheffins and Greg Jones no longer owned *La Contessa* because they had abandoned it.  To succeed with this defense, Defendant Stewart  must show by a preponderance of evidence that Plaintiffs relinquished their ownership by the simultaneous occurrence of an intent to abandon ownership and an act of abandonment.  In determining whether Plaintiffs had abandoned *La Contessa*, their intention is the first and paramount inquiry for there can be no strict abandonment of property without the intention to do so.  Additionally, Defendant must show by a preponderance of evidence that Plaintiffs did some act which in fact demonstrated their abandonment of *La Contessa*.

Goldfield Consolidated Milling and Transportation Company v. Old Sandstrom Annex Gold Milling Company 38 Nev. 426, 441 (Nev. 1915).

Instruction No. _____

In Nevada, an ownership interest in a vehicle can be abandoned by the owners removing the license plates and surrendering them to the Department of Motor Vehicles.

**NRS 487.220**

Instruction No. _____

In considering whether the Defendant Michael B. Stewart converted *La Contessa*, you may also consider whether he followed Nevada Abandoned Property Law.  Nevada Revised Statute 487.210 provides that an owner of real property, who believes a vehicle has been abandoned on his property, may request a member of the Department of Motor Vehicles and Public Safety, or police officer or any other person charged with county or city ordinances to remove, or cause to remove the vehicle from private property.

The person removing the vehicle shall notify the registered owner by registered mail, that the vehicle has been removed and will be junked or disposed of unless the owner of the vehicle reclaims the vehicle or responds and pays the cost of removal.

If you determine that Defendant Michael B. Stewart did not follow the procedures of the Nevada Abandoned Property Law you may find as a matter of law that his conversion of *La Contessa* was unlawful and you must award damages if proven.

**NRS 487.210, NRS 487.230 and NRS 487.250**

Instruction No. _____

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

## Comment

*See Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (defining clear and convincing evidence).  *See also Murphy v. I.N.S.*, 54 F.3d 605, 610 (9th Cir.1995) (the burden of proving a matter by clear and convincing evidence is "a heavier burden than the preponderance of the evidence standard").

In cases in which the preponderance of the evidence standard is not defined, it may be necessary to modify this instruction.

In certain civil cases, the higher standard of proof by "clear and convincing evidence" applies. *See*, e.g., Chapter 15 ("Trademark") Instruction 15.20 (Defenses—Abandonment—Affirmative Defense—Defendant's Burden of Proof), Instruction 15.22 (Defenses—"Classic" Fair Use), and Instruction 15.23 (Defenses—Nominative Fair Use).

This instruction may not apply to cases based on state law.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 1.4  BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

Instruction No. _____

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

**NINTH CIRCUIT MODEL JURY INSTRUCTION 5.5 PUNITIVE DAMAGES**

Instruction No. _____