1  KEEGAN G. LOW, ESQ.
   Nevada State Bar Number 307
2  ROBISON, BELAUSTEGUI, SHARP & LOW
   71 Washington Street
3  Reno, Nevada 89503
   Telephone:    (775) 329-3151
4  Facsimile:    (775) 329-7169
   Attorneys for Defendant/Counter-Plaintiff
5  Michael B. Stewart

6

                    UNITED STATES DISTRICT COURT
7
                         DISTRICT OF NEVADA
8
   SIMON CHEFFINS and GREGORY JONES,
9
                    Plaintiffs,              Case No.:    3:09-CV-00130-RAM
10 vs.

11 MICHAEL B. STEWART and DOES
   I-V, Inclusive,
12                  Defendant(s).
                                                      /
13
   MICHAEL B. STEWART
14
                    Counter-Plaintiff,
15
   vs.
16
   SIMON CHEFFINS and GREGORY JONES,
17
                    Counter-Defendants.
18                                                    /

19 DEFENDANT/COUNTER-PLAINTIFF'S FIRST SUPPLEMENTAL JURY INSTRUCTIONS

20        Defendant/Counter-Plaintiff Michael B. Stewart, by and through his counsel Keegan G.

21 Low of Robison, Belaustegui, Sharp & Low, submit the following proposed First Supplemental

22 Jury Instructions and Verdict Form #4 attached hereto.

23        DATED this 25th day of July, 2012.

24                                      ROBISON, BELAUSTEGUI, SHARP & LOW
                                        A Professional Corporation
25                                      71 Washington Street
                                        Reno, Nevada 89503
26

27                                      _____
                                        KEEGAN G. LOW
                                        MICHAEL A. BURKE
28                                      Attorneys for Defendant/Counter-Plaintiff
                                        Michael B. Stewart

1

2                     UNITED STATES DISTRICT COURT

3                          DISTRICT OF NEVADA

4                              * * * * *

5    SIMON CHEFFINS and GREGORY JONES,

6                     Plaintiffs,              **Case No.:      3:09-CV-00130-RAM**
     vs.

7
     MICHAEL B. STEWART and DOES
8    I-V, Inclusive,
                     Defendant(s).
9    _____/

10   MICHAEL B. STEWART

11                   Counter-Plaintiff,

12   vs.

13    SIMON CHEFFINS and GREGORY JONES,

14                   Counter-Defendants.
     _____/

15   **DEFENDANT/COUNTER-PLAINTIFF'S FIRST SUPPLEMENTAL**
16                      **JURY INSTRUCTIONS**

17       DATED: _____

18

19

20                              _____
                                UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

Counterclaimant Michael B. Stewart claims that Counter-Defendants Simon Cheffins and Gregory Jones trespassed on his property.  To establish this claim, Michael B. Stewart must prove all of the following:

     1.     That Michael B. Stewart owned the property;

     2.     That Simon Cheffins and Gregory Jones intentionally, wrecklessly or negligently caused "La Contessa" to enter Michael B. Stewart's property;

     3.     That Michael B. Stewart did not give permission for the entry or that Simon Cheffins and Gregory Jones exceeded Michael B. Stewart's permission;

     4.     That Michael B. Stewart was harmed; and

     5.     That Simon Cheffins' and Gregory Jones' conduct was a substantial factor in causing Michael B. Stewart harm.

CACI 2000 Trespass                            INSTRUCTION NO. _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

An entry on to property is intentional if a person knowingly goes on to the property of another or knowingly causes something to go on to that property.

CACI 2004 Intentional Entry Explained                                    INSTRUCTION NO. _____

1    Counterclaimant Michael B. Stewart claims that Counter-Defendants Simon Cheffins and

2 Gregory Jones interfered with Michael B. Stewart's use and enjoyment of his land. To establish

3 this claim Michael B. Stewart must prove all of the following:

4        1.    That Michael B. Stewart owned the property;

5        2.    That Simon Cheffins and Gregory Jones, by acting or failing to act, created a

6 condition or permitted a condition to exist that was an obstruction to the free use of property, so

7 as to interfere with the comfortable enjoyment of life or property;

8        3.    That this condition interfered with Michael B. Stewart's use or enjoyment of his

9 land;

10       4.    That Michael B. Stewart did not consent to Simon Cheffins' and Gregory Jones'

11 conduct;

12       5.    That an ordinary person would be reasonably annoyed or disturbed by Simon

13 Cheffins' and Gregory Jones' conduct;

14       6.    That Michael B. Stewart was harmed;

15       7.    That Simon Cheffins' and Gregory Jones' conduct was the substantial factor in

16 causing Michael B. Stewart's harm; and

17       8.    That the seriousness of the harm outweighs the public benefit of Simon Cheffins'

18 and Gregory Jones' conduct.

19

20

21

22

23

24

25

26

27

28   CACI 2021 Private Nuisance - Essential, Factual Elements          INSTRUCTION NO. _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

If you decide that Michael B. Stewart has proved that Simon Cheffins and Gregory Jones committed a trespass or nuisance, Michael B. Stewart may recover damages that would reasonably compensate him for the annoyance and discomfort caused by the injury to his peaceful enjoyment on the property that he occupied.

CACI 2031 - Damages for Annoyance and
Discomfort - Trespass or Nuisance

INSTRUCTION NO. _____