

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SIMON CHEFFINS and GREGORY JONES, | 3:09-cv-00130-RAM |
| Plaintiffs, | |
| vs. | ORDER |
| MICHAEL B. STEWART, | |
| Defendant. | |

Plaintiffs Simon Cheffins and Gregory Jones ("Plaintiffs") brought this action against Defendant Michael Stewart ("Defendant") alleging conversion and violation of their rights under the Visual Artists Rights Act, 17 U.S.C. § 106A ("VARA"). (Doc. #1). On January 20, 2011, the court granted Defendant's motion for summary judgment as to the VARA claim, denied Defendant's motion for summary judgment as to the conversion claim, and denied Plaintiffs' motions for summary judgment as to both claims. The court subsequently denied a motion filed by Plaintiffs seeking reconsideration of its decision on the VARA claim.

Trial commenced on July 30, 2012, and the matter was submitted to the jury for consideration on August 9, 2012. After just an hour of deliberation, the jury returned a verdict in favor of Defendant on Plaintiffs' conversion claim.

On August 23, 2012, Defendant filed a motion for attorneys' fees (#162). Defendant bases his request on a pretrial offer of judgment that was rejected by Plaintiffs. Plaintiffs have opposed the motion (#170), and Defendant has replied (#172). Plaintiffs' sole argument in opposition is that Defendant's offer of judgment was not timely, and he is therefore not entitled to recover attorneys' fees.

Federal Rule of Civil Procedure 54(d)(2) sets forth the procedure for obtaining an award of attorneys' fees in federal court. *MRO Commc'ns, Inc. v. Am. Tel & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999). A motion seeking attorneys' fees under Rule 54(d) must, in relevant part, identify the "statute, rule, or other grounds entitling the movant to the award."

At the time Defendant served the offer, Plaintiffs' only remaining claim was a state law claim of conversion. Where the "court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorneys' fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *Id.* at 1281 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)). As identified by Defendant in his motion, the state law authorizing an award of attorneys' fees in this case is Nevada Rule of Civil Procedure 68. *See MRO Commc'ns*, 197 F.3d 1276 (affirming award of attorneys' fees under Federal Rule 54(d)(2) and Nevada Rule 68).

Pursuant to Rule 68, a "party may serve an offer in writing to allow judgment to be taken in accordance with its terms and conditions" at "any time more than 10 days before trial." Nev. R. Civ. P. 68 (a). If "the offeree rejects the offer [but] fails to obtain a more favorable judgment," the offeror may recover reasonable attorneys' fees incurred after service of the offer. Nev. R. Civ. P. 68(f)(2).

On July 19, 2012, eleven days before trial, defendant offered to allow judgment to be taken against him in the amount of $10,0001. (Pl. Mot. Ex. 1). Plaintiffs rejected the offer, but failed to obtain any judgment in their favor, much less a more favorable judgment. Under Nevada Rule 68, Defendant may therefore recover his attorneys' fees.

Plaintiffs, however, argue that the time for service of an offer of judgment is a procedural rule that is governed by federal law, and that Federal Rule of Civil Procedure 68 requires offers of judgment to be served at least fourteen days before trial. Defendant served his offer of judgment on Plaintiffs eleven days before trial. Thus, if governed by the federal rule, Defendant's offer was untimely.

Federal Rule 68 allows a defendant to recover costs only where the plaintiff obtains a judgment and not when the defendant obtains judgment. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) (holding that Rule 68 was "simply inapplicable" to a case where judgment was entered in favor of the defendant); *see also MRO Commc'ns*, 197 F.3d at 1280. As judgment in this case was in favor of Defendant and against Plaintiffs, Defendant may not recover under Federal Rule 68.

Defendant's inability to recover under Federal Rule 68 does not – standing alone – render the rule's procedural aspects inapplicable, however. The Ninth Circuit has found Federal Rule 68 governed when it conflicted with a state's offer-of-judgment rule allowing recovery of costs even where the defendant was not entitled to recover under the federal rule. *See Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 757 (9th Cir. 2010). Nonetheless, Federal Rule 68 doesn't apply because Defendant's recovery of attorneys' fees is governed by Federal Rule 54(d)(2), and Rule 54(d)(2) explicitly incorporates state laws granting a right to attorneys' fees, including Nevada Rule 68. *See Goldberg*, 627 F.3d at 757; *MRO Commc'ns*, 197 F.3d 1276.

The court sees no basis for applying the timing provision of a rule that is not applicable to the offer at issue, nor have Plaintiffs cited any case law supporting doing so.[1]

---

[1] Plaintiffs cite *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988) for the proposition that "time limits of federal rules are procedural and enforced in diversity cases even if state law allowed longer time limits." (Pl. Opp'n 2). *Budinich* involved a federal procedural rule that directly applied to the case at hand – the time limit for filing a notice of appeal – and therefore does not stand for the proposition that federal time limits may govern even when the rule does not apply to the case. Plaintiffs also cite *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322 (9th Cir. 1995) as a case in which the court "specifically declin[ed] to follow a state procedural aspect of it's [sic] offer of judgment rule even though substantive law of the state would have to be followed." (Pl. Opp'n 2). *Home Indemnity* involved a state offer-of-judgment statute relating to costs, not attorneys' fees, and thus under *Goldberg* and *MRO Communications* is distinguishable from this case. *See Goldberg*, 627 F.3d

3

While the Ninth Circuit has not addressed whether the timing provision of Federal Rule 68 applies to all offers of judgment made in federal court – even those made pursuant to a state offer-of-judgment rule providing a substantive right to attorneys' fees – its decision in *MRO Communications* suggests that the state offer-of-judgment procedures would apply to an offer made pursuant to the state rule:

> Had [Plaintiffs] filed [their] state law claims in state court, Nevada's offer of judgment rule and statutes *would provide the applicable procedure.* [Plaintiffs] chose to file [their] state claims in federal court. Nevada law permits a prevailing defendant to recover attorneys' fees incurred after an offer of judgment is rejected by the plaintiff. It would be unjust and a violation of the national policy . . . to reach a different result here simply because the forum is federal.

*MRO Commc'ns, Inc.*, 197 F.3d at 1282-83 (emphasis added). Because Federal Rule 68 is not the basis for any award in this case, and because the award is based on a substantive state law providing a right to attorneys' fees, the court concludes that the time for service of the offer of judgment is dictated by the substantive state law, Nevada Rule 68. Defendant's offer of judgment was therefore timely.

Under Rule 68, the court has the discretion to allow any or all of the offeror's attorneys' fees incurred after service of the offer. *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983). In fashioning an award, the court must consider four factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount. *Id.*

While Plaintiffs' conversion claim was brought in good faith, it was clear at the time of the offer that Plaintiffs faced major obstacles in prevailing on it – including, importantly, rebutting Defendant's contention that they had abandoned *La Contessa*. It was unreasonable for Plaintiffs to believe they would succeed on their claim to property that they had allowed to fall into a state of disrepair, that they did not retrieve after being

---

at 757 n.7.

4

1  informed it could no longer be stored where it was, and with which that they had limited
2  contact in the several months preceding its destruction. Further, Plaintiffs' evidence on the
3  value of *La Contessa* at the time it was destroyed was severely lacking. The fact the jury
4  took less than an hour to find in favor of Defendant in itself suggests the weakness of
5  Plaintiffs' claim. Given these weaknesses, an offer of $10,0001 was more than reasonable.
6  In terms of timing, the offer was made just before trial began, but it is significant that the
7  trial in this matter was scheduled to last three weeks. The offer was made at a time when
8  the parties could still avoid three full weeks of litigation and the substantial amount of
9  attorneys' fees that would go along with that. The offer was thus reasonable in its timing, as
10 well. The court concludes that Defendant's offer was reasonable and in good faith, and
11 Plaintiffs' rejection of such was grossly unreasonable.

12       As to whether the fees requested are reasonable and justified, the court notes initially
13 that Plaintiffs make no arguments as to the amount or reasonableness of any of the fees
14 sought. Defendant's attorney's has practiced for nearly 29 years. In light of this experience
15 and in light of the rates commonly charged in the community, the hourly fee of $250 is
16 reasonable. Although the number of hours included nine days at trial, and thus were
17 substantial, the length of the trial was due in large part to Plaintiffs' decision to present a
18 voluminous number of witnesses and evidence. The hours spent outside trial appear to
19 have been reasonably expended. The court therefore finds the fees sought are reasonable
20 and justified in amount.

21       While the court finds the attorneys' fees reasonable, there is no basis for an award of
22 the Defendant's expert witness fee. Defendant recognizes that he is not entitled to expert
23 witness fees under Nevada law because he did not in his offer of judgment identify the
24 statute authorizing recovery of expert fees, Nev. Rev. Stat. § 17.115. *See MRO Comm'c'ns*,
25 197 F.3d at 1282; *Trustees of Carpenters for S. Nev. Health & Welfare Trust v. Better Bldg.*
26 *Co.*, 710 P.2d 1379 (Nev. 1985). He argues, however, that he would still be eligible for
27 expert witness fees pursuant to Federal Rule 68 and Nevada Rule 68. This argument is
28 without merit. Even though the offer of judgment in *Trustees of Carpenters*, 710 P.2d 1379

was made pursuant to Nevada Rule 68, the court refused to award expert witness fees because section 17.115 had not been cited. It would be improper to conclude, then, that expert witness fees are recoverable under Nevada Rule 68, and Defendant has provided no other law indicating this is the case. And as Federal Rule 68 applies only when the plaintiff-offeree obtains a judgment, Defendant is not entitled to recover any costs thereunder, expert witness fees or otherwise.

Accordingly, the defendant's motion for attorneys' fees (#162) is **GRANTED** as to attorneys' fees and **DENIED** as to expert witness fees. Defendant is hereby awarded his attorneys' fees incurred after service of the offer of judgment in the amount of $44,496.00.

**IT IS SO ORDERED**.

DATED: This 25th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE